FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JAN 2 0 2015   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DESIRAY RAYLITA HICKS,

            Plaintiff,

-against-

1199 SEIU UNITED HEALTHCARE WORKER EAST,

           Defendant.
----------------------------------------------------------------X

ORDER
14-CV-3337(SJF)(ARL)

FEUERSTEIN, District Judge:

       Pending before the Court is the Report and Recommendation ("the Report") of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated December 15, 2014: (1) recommending (a) that the application of *pro se* plaintiff Desiray Raylita Hicks ("plaintiff") to remand this action to state court be denied, and (b) that the branch of the motion of defendant 1199 SEIU United Healthcare Worker East ("defendant") seeking dismissal of plaintiff's claims in their entirety as barred by the statute of limitations be granted; (2) advising plaintiff (a) that "[a]ny objections to th[e] Report * * * must be electronically filed with the Clerk of the Court * * * within 14 days[,]" (Report at 8), and (b) that a "[f]ailure to file objections within th[e] [fourteen (14)-day] period waives the right to appeal the District Court's Order[,]" (id.) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); and Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996)); and (3) directing defendant to serve plaintiff with a copy of the Report, (Docket Entry ["DE"] 15). Defendant served a copy of the Report upon plaintiff by mailing a true copy thereof to her last known address on December 17, 2014. (DE 16). Plaintiff has not filed any objections to the Report, nor sought an extension of time to do so. For the reasons stated herein and in the Report, Magistrate Judge Lindsay's Report is accepted in its entirety and plaintiff's claims are dismissed in their entirety as time-barred.

1

I.  Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Specifically, where, as here, a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted), his "failure to object timely to [that] report waives any further judicial review of the report." Id.; see also Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993).

"Although this rule applies equally to counseled and *pro se* litigants, it is 'a nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of justice.'" King v. City of New York, Department of Corrections, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (quoting Roldan, 984 F.2d at 89); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000); see also King, 419 F. App'x at 27 (accord).

II.  Review of Report

Although the Report provided plaintiff with the requisite "express warning" of the consequences of a failure to timely file objections thereto, Caidor, 517 F.3d at 603, plaintiff has not filed any objections to Magistrate Judge Lindsay's Report, nor sought an extension of time to do so.

2

Accordingly, plaintiff has "waive[d] any further judicial review of the findings contained in the report." Spence, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse plaintiff's default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and plaintiff's claims are dismissed in their entirety as time-barred.

III. Conclusion

For the reasons set forth herein and in the Report, Magistrate Judge Lindsay's Report is accepted in its entirety and plaintiff's claims are dismissed in their entirety with prejudice as time-barred. The Clerk of the Court shall close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: January 20, 2015
Central Islip, New York